ARTHUR G. ·PORCHER, *et ux.,* v. MYRA' GRAY WILLIAMS, as · Surviving Trustee of the Estate of H. S. Williams, Deceased.

190 So. 790
Division B
Opinion Filed July 28, 1939

*James J. Jackson,* for Appellants;
*Hubert E. Griggs,* for Appellee.

PER CURIAM.—The ' appeal herein is from an order denying a motion to dismiss a bill of complaint seeking to foreclose a mortgage.

Grounds of the motion to dismiss are:

"1. There is no equity in said bill of complaint.

"2. The legal title holder to said premises is not before this court.

"3. The bill of complaint prays a deficiency judgment against a married woman.

"4. It is a conclusion of the pleader that the plaintiff is the surviving trustee of the estate of H. S. Williams, deceased."

Plaintiff alleges she brings this suit "in her capacity as surviving trustee of the estate of H. S. Williams, deceased." It is alleged that: "Subsequent to the execution and delivery of the said promissory note and of said mortgage, Edmund Sydney Williams, one of the trustees named in said promissory note and mortgage deed aforesaid, died on the 4th day of August, A. D. 1930, and that all his interest in said promissory note and mortgage deed abated and passed, by operation of law, to this complainant, as surviving trustee"; that defendants "were justly indebted to Edmund Sydney Williams and Myra Gray Williams, as trustees, in the principal sum of $10,000.00, * * *" and to secure the payment thereof executed the note and the mortgage sought to be foreclosed.

As there are allegations in the bill of complaint upon which a decree for appropriate equitable relief may be decreed, the prayer for a deficiency decree against the married woman defendant may be disregarded, there being no motion to strike it.

The note is payable to "the order of Edmund Sydney Williams and Myra Gray Williams, as trustees." The nature of the trust is not shown, but that does not render the bill of complaint without equity, since the note is by the makers made payable to two trustees, and one has died; and it *prima facie* appears that the surviving trustee is authorized to maintain this suit for the benefit of the trust, whatever it may be.

Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.